1  **LAW OFFICES OF RONALD A. MARRON**
   RONALD A. MARRON (SBN 175650)
2  *ron@consumersadvocates.com*
   ALEXIS WOOD (SBN 270200)
3  *alexis@consumersadvocates.com*
   KAS GALLUCCI (SBN 288709)
4  *kas@consumersadvocates.com*
5  651 Arroyo Drive
   San Diego, California 92103
6  Telephone:(619) 696-9006
7  Facsimile: (619) 564-6665

8  **PATRIC LESTER AND ASSOCIATES**
   PATRIC LESTER (SBN 220092)
9  *pl@lesterlaw.com*
10 5694 Mission Center Road #358
   San Diego, California 92108
11 Telephone: (619) 665-3888
12 Facsimile: (314) 241-5777

13 *Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK SCHIAVONE, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MANDARICH LAW GROUP, L.L.P., CACH, LLC, and SQUARETWO FINANCIAL CORPORATION<br><br>Defendants. | Case No.:<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq*.**<br><br>DEMAND FOR JURY TRIAL |

# CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Derek Schiavone ("Plaintiff") brings this class action complaint against Mandarich Law Group, L.L.P. ("Mandarich Law"), CACH, LLC ("CACH") and SquareTwo Financial Corporation ("SquareTwo") (and collectively, "Defendants") to stop Defendants' practice of making unsolicited phone calls to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*., ("TCPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. CACH is a debt buyer and is the wholly owned subsidiary of SquareTwo. As a part of SquareTwo's and CACH's business model they purchase charged-off receivables and thereafter send the newly purchased debts to one of their branch offices within its network to collect on the alleged debts owed. One such branch office of SquareTwo and CACH is Mandarich Law. Mandarich Law is a California law firm that specializes in debt collection and solely collects on debts purchased by SquareTwo and CACH.

2. As a part of Mandarich Law's business model and in an attempt to collect on alleged debts owed to CACH and SquareTwo, Mandarich Law routinely performs skip tracing on the accounts it's hired to collect on. Once Mandarich Law obtains new contact information, including phone numbers, Mandarich Law, acting as an agent of SquareTwo and CACH, routinely contacts consumers through telephone calls with automatic telephone dialing equipment. Unfortunately, as a result of this business practice, Mandarich Law, through the direction of SquareTwo and CACH, regularly makes calls to cellular telephones, without consent, in violation of the TCPA.

3. The TCPA strictly forbids nuisance calls exactly like those alleged in this Complaint – intrusive phone calls to private cellular phones, placed to numbers obtained without the prior express consent of the call recipients.

4. Defendants' violations caused Plaintiff and members of the Class actual harm, included aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls, as well as the violation of their statutory rights.

5. Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendants' conduct, and is likely to be redressed by a favorable decision in this action.

6. Plaintiff seeks an injunction stopping Defendants' from making unsolicited phone calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Subject matter jurisdiction over this action is further appropriate in this Court pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different than Defendants, (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

8. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants transact significant amounts of business within this District.

9. Personal jurisdiction over Defendants is also proper in this District because Defendants, at all times herein mentioned, were doing business in the State

of California, and a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

10. Plaintiff Derek Schiavone is a resident of the State of California, County of Contra Costa. He is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).

11. Defendant Mandarich Law Group, L.L.P. maintains its principle place of business at 9200 Oakdale Avenue, Suite 601, Chatsworth, California 91311. Mandarich is a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant CACH, LLC maintain its principle place of business at 4340 S. Monaco Street, 2nd Floor, Denver, Colorado 80237. CACH is a "person" as defined by 47 U.S.C. § 153 (39). CACH is the wholly owned subsidiary of SquareTwo.

13. Defendant SquareTwo Financial Corporation maintains its principle place of business at 4340 S. Monaco Street, 2nd Floor, Denver, Colorado 80237. SquareTwo is a "person" as defined by 47 U.S.C. § 153 (39).

14. Plaintiff alleges that at all times relevant herein Defendants conducted business in the state of California and in the County of Los Angeles, and within this judicial district.

## THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA") 47 U.S.C. §§ 227 *et seq.*

15. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

16. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

18. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

19. On July 10, 2015 the FCC released a Declaratory Ruling wherein it was confirmed that even if a consumer originally did provide "prior express consent" that

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014 (FCC July 3, 2003).

[4] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*2008 FCC Ruling*"), 23 FCC Rcd. 559, 2008 WL 65485 (FCC 2008).

[5] *2008 FCC Ruling*, 23 FCC Rcd. at 564-65 (¶ 10).

4

caller has a right to revoke consent, using any reasonable method, including orally or in writing.[6]

## FACTUAL ALLEGATIONS

20.     SquareTwo and CACH purchase charged-off debts and then attempt to collect on alleged debts owed.  Once an alleged debt is purchased, SquareTwo and CACH place the accounts for collection within their network of branch offices.

21.     Mandarich Law is a member of SquareTwo's and CACH's network of branch offices.

22.     As a part of that network, Mandarich Law exclusively performs debt collection services at the direction of and for the benefit of SquareTwo and CACH. *See* http://www.mandarichlaw.com/faqs (last visited on September 20, 2016).  As a part of that network, SquareTwo and CACH actively monitor Mancarich Law's debt collection efforts.

23.     In an effort to collect on alleged debts owed, SquareTwo and CACH engaged and directed Mandarich Law to place thousands of unsolicited phone calls to consumers nationwide. At all times relevant Mandarich Law worked exclusively on behalf of SquareTwo and CACH and "utilized [their] account management system" in their debt collection efforts.  http://d1lge852tjjqow.cloudfront.net/CIK-0001505966/3aed6172-0c9d-456e-a695-ce0f51dfcfab.pdf?noexit=true

24.     Beginning around at least November 2013, although Plaintiff never provided Defendants with his cellular number or consent to contact him on his cellular number, Plaintiff began receiving unsolicited phone calls from Mandarich Law, attempting to collect on an alleged debt owed on behalf of SquareTwo and CACH.

25.     Specifically, on at least 11/13/13 at 5:35pm, 12/11/13 at 11:08am,

---

[6] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 30 FCC Rcd. 7996, 2015 WL 4387780 (FCC July 10, 2015).

1/6/14 at 11:56am and on 1/9/14 at 2:18pm, Plaintiff received an unsolicited phone call from Mandarich Law on his cellphone. During each respective call, the numbers that showed up on Plaintiff's caller identification were, 818-396-8210 on 11/13/13, 818-396-8084 on 12/11/13, 818-396-8084 on 1/6/14 and 818-396-8086 on 1/9/14.

26. During each call there was prolonged silence and delays prior to being connected to a live representative. The call(s) placed to Plaintiff's cellphone was done so at the direction of SquareTwo and CACH.

27. The call(s) placed to Plaintiff's cellphone was for the financial benefits of all three Defendants.

28. Plaintiff is not alone in receiving these unsolicited phone calls. One consumer complaint filed with the Better Business Bureau states as follows:

> "I am being called and harassed repeatedly about something that has nothing to do with me.
>
> For the last year, I have been receiving harassing calls from this law firm trying to collect from a person that I don't know and have never met. I have had my phone number for 16 years and have explained this each and every time I get a call. Sometimes I get several calls a day, early in the morning when I am still asleep. Every time I explain to the person who calls that I've already been asked to be removed from the list, they pretty much imply that I'm a liar "because if you would have asked, we would have removed you." I once was even told that if I wanted to remedy the problem for good, my only choice was to change my phone number."

29. These unsolicited phone calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store

numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

30. Additionally, SquareTwo's SEC Form10-K filed on April 26, 2016 provides, "In the process of collecting accounts, our call centers and branch offices may use automated dialers to place calls to consumers." http://d1lge852tjjqow.cloudfront.net/CIK-0001505966/3aed6172-0c9d-456e-a695-ce0f51dfcfab.pdf?noexit=true (last visited on September 21, 2016).

31. The telephone number that Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

32. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Plaintiff did not provide Defendants or their agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A) and/or has revoked any alleged prior express consent.

34. These telephone calls by Defendants or their agents therefore violated 47 U.S.C. § 227(b)(1).

35. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and on behalf of and all others similarly situated ("the Class").

37. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular telephones through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set

forth in 47 U.S.C. § 227(b)(1)(A)(3), which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of preliminary approval.

38. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

40. This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and

fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of preliminary approval, Defendants or their agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice system, to any telephone number assigned to a cellular telephone service;

    b. Whether the equipment Defendants, or their agents, used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    c. Whether Defendants, or their agents, systematically made telephone calls to persons featuring an artificial or prerecorded voice;

    d. Whether Defendants, or their agents, systematically made telephone calls to persons who did not previously provide Defendants with their prior express consent to receive such telephone calls;

    e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    f. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

43. As a person that received at least one unsolicited telephone call to his cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

44. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

45. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

46. A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

47. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT 1

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. §§ 227 ET SEQ.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

50. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

51. As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. §§ 227 ET SEQ.

53. Plaintiff incorporates by reference paragraphs 1-47 of this Complaint as though fully stated herein.

54. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be

called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

55. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

56. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### **FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA**
### **47 U.S.C. §§ 227 *ET SEQ.***

58. As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### **SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA**
### **47 U.S.C. §§ 227 *ET SEQ.***

60.     As a result of Defendants' and Defendants' agents' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

* * *

62.     An order certifying the Class as defined above, appointing Plaintiff Derek Schiavone as a Class Representative, and appointing Ronald A. Marron of the Law Offices of Ronald A. Marron and Patric Lester of Patric Lester and Associates as Class Counsel.

63.     An award of reasonable attorneys' fees (in the event of a class recovery) and costs.

64.     Any other relief the Court may deem reasonable, just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

* * *

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately

1  so that counsel may take appropriate action. This demand shall not narrow the scope
2  of any independent document preservation duties of Defendants.

4  Dated:  November 18, 2016

*/s/ Ronald A. Marron*
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS WOOD
KAS GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*/s/ Patric Lester*
By: Patric Lester
**PATRIC LESTER AND ASSOCIATES**
PATRIC LESTER (SBN 220092)
5694 Mission Center Road #358
San Diego, California 92108
*pl@lesterlaw.com*
Telephone: (619) 665-3888
Facsimile: (314) 241-5777

***Attorneys for Plaintiff
and the Proposed Class***